FILED
2011 Aug-17  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA F. ZINNERMAN, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 2:10-CV-00400-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

The plaintiff, Brenda F. Zinnerman, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Ms. Zinnerman timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Zinnerman was fifty-one years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a twelfth grade

education. (Tr. at 21, 76.)  Her past work experiences include employment as a housekeeper, a certified nurse's assistant, and a surveillance system monitor. (*Id.* at 21-22, 38, 97.)  Ms. Zinnerman claims that she became disabled on May 31, 2006, due to diabetes, congestive heart failure, and high blood pressure.  (*Id.* at 76, 81, 125.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops. *Id.*  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.*  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis

stops.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.

20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Zinnerman "meets the insured status requirements of the Social Security Act through December 31, 2011." (Tr. at 12.)  He further determined that Ms. Zinnerman has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*)  According to the ALJ, Ms. Zinnerman's type II diabetes mellitus and hypertension are considered "severe" based on the requirements set forth in the regulations. (*Id.*)  However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, Appendix 1. (*Id.* at 13.)  The ALJ did not find Ms. Zinnerman's allegations to be totally credible, and he determined that she has the residual functional capacity to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a), subject to the following exceptions:

> she can lift and/or carry 10 pounds occasionally and 5 pounds frequently; stand and/or walk 2 hours in an 8-hour workday; and sit approximately 6 hours in an 8-hour workday.  She is unable to work around unprotected heights or dangerous moving equipment and no ladders, ropes, or scaffolds.

(Tr. at 13.)

According to the ALJ, Ms. Zinnerman is "capable of performing her past relevant work as a surveillance systems monitor." *(*Tr. at 15.)  The ALJ found that such work does not require work-related activities precluded by Ms. Zinnerman's residual functional capacity. (*Id*.)  The ALJ concluded his findings by stating that Ms. Zinnerman "has not been under a disability, as defined in the Social Security Act, from May 31, 2006, through the date of this decision." (*Id*.)

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   The Court may not decide facts, weigh

evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Ms. Zinnerman alleges that the ALJ's decision should be reversed and remanded for three reasons.   First, she argues that the ALJ failed to properly consider certain impairments singularly. (Doc. 8 at 9.)  Second, she claims that her impairments were not all considered in combination. (*Id.*) Third, Ms. Zinnerman contends that the ALJ erred by giving no weight to the physical capacities evaluation provided by Physician Assistant Benjamin Dale. (*Id.* at 12.)  Plaintiff asserts that Mr. Dale is a treating source, and as such, his evaluation warrants more controlling weight in the ALJ's RFC determination. (*Id.*)

    A.    Impairments Considered Singularly.

Plaintiff contends that the ALJ failed to properly consider certain impairments in his decision. (Doc. 8 at 9.)  Specifically, Plaintiff argues that the ALJ did not mention her continuing diagnosis of congestive heart failure ("CHF"), arthritis, Bell's Palsy, and depression. (*Id.*)  In addition, Plaintiff submits that the ALJ should have considered her obesity to be a severe impairment. (*Id.* at 10.)

This Court finds Plaintiff's arguments to be without merit for two reasons.  First, step two requires only that the ALJ determine whether the claimant has a medically determinable impairment, or combination of impairments, that is "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). Because the ALJ found in Plaintiff's favor with at least one impairment, he could not have erred at step two.  Second, Plaintiff points only to the diagnosis of various impairments without properly demonstrating how they limit her ability to work.  Based on the entire medical record, substantial evidence supports the ALJ's conclusion that "the objective medical evidence does not support any disabling impairments." (Tr. at 13.)

      1.    No Error at Step Two.

In his assessment, the ALJ determined that Plaintiff suffered severe impairments consisting of diabetes and hypertension. (Tr. at 12.)  Plaintiff contends that the ALJ erred by not also finding certain other impairments to be "severe." (Doc. 8.)  However, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823, 825 (11th Cir. 2010) (*citing Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating

that step two acts as a filter and that the finding of any severe impairment is enough to satisfy the requirement of step two)).  Therefore, when the ALJ finds at least one impairment to be severe at step two, any error caused by not recognizing all severe impairments is harmless. *Id*.  Here, the ALJ found that Ms. Zinnerman indeed suffered severe impairments consisting of diabetes and hypertension. (Tr. at 12.)  Having found in Plaintiff's favor with at least one impairment at step two, the ALJ properly moved to the next step in the evaluation process.[1]

> 2.    Plaintiff's Burden to Show Work-Related Limitations.

Plaintiff contends that the ALJ erred by not properly considering her diagnosis of CHF, arthritis, Bell's Palsy, depression, and obesity. (Doc. 8 at 9-10.)  Even assuming that it would be possible for the ALJ to commit error at step two after having found at least one severe impairment, Plaintiff still bears the burden of showing why each of her impairments should have been considered severe.  To establish that these impairments are indeed severe

---

[1] While the ALJ need not consider all possibly severe impairments at step two, his overall evaluation should consider all impairments in combination. As discussed in Section B, the ALJ properly considered the combination of all Plaintiff's impairments, whether severe or not, throughout his evaluation.

and disabling, Ms. Zinnerman bears the burden of proving the inability to perform her previous work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990).    Although Ms. Zinnerman points to the diagnosis of these impairments, the mere diagnosis of impairments "does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Rather, the Social Security Act "defines 'disability' in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace." *Bowen v. Yukert*, 482 U.S. 137, 146 (1987) (quoting *Heckler v. Campbell*, 461 U.S. 458, 459-60 (1983)).    As stated in the regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).    Thus, "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).    The claimant bears the burden of

demonstrating the existence of such a disability. *See Carnes v. Sullivan*, 963 F.2d 1215, 1218 (11th Cir. 1991).

In finding that Plaintiff's CHF, arthritis, Bell's Palsy, depression, and obesity were not themselves disabling, the ALJ determined that Plaintiff failed to meet this burden with regard to each impairment.  This Court finds substantial evidence in the record supporting  the ALJ's treatment of each of these impairments.

First, the record supports the ALJ's dismissal of Bell's Palsy, depression, and obesity.  While these impairments are indeed noted in the medical record, each is without mention of related workplace limitations. (Tr. at 166, 169, 202, 205.)  Mr. Dale noted Plaintiff's Bell's Palsy was "stable this visit" and her "mild depression" felt "OK" on Zoloft. (Tr. at 202, 205.)  Dr. Livingston diagnosed Plaintiff with obesity, but did not describe any related limitations. (Tr. at 169.)  Rather, he stated that "[w]eight reduction would help everything" and also noted "full range of motion" in her upper extremities with an overall positive report on her lower extremities. (Tr. at 169, 170.)  In addition to the medical records, the Disability Report indicates that Ms. Zinnerman herself does not allege any

work-related limitations caused by arthritis, Bell's Palsy, depression, or obesity. (Tr. at 125.)

Second, the record supports the ALJ's dismissal of Plaintiff's arthritis, which allegedly causes her back pain.  Plaintiff contends that "at the very least her recorded back pain should have been considered." (Doc. 8 at 9.) In order to establish a disability based on pain Plaintiff must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991).  However, an ALJ can properly reject alleged pain as disabling if Plaintiff's subjective complaints are inconsistent with the medical record. *Dyer v. Barnhart*, 395 F.3d 1206 (11th Cir. 2005).

In the instant case, contrary to Plaintiff's allegation, the ALJ specifically addressed and rejected Ms. Zinnerman's complaint of "chronic severe pain" because it was not "evident from a reading of the medical records." (Tr. at 15.)  According to the record, the first mention of any back problem comes nearly two and a half years after May 31, 2006, her alleged

date of disability.  In December of 2006, Dr. Livingston reported Plaintiff's back to be "[n]on-tender and straight," while in May of 2008, Mr. Dale noted Plaintiff's back and neck were normal. (Tr. at 169, 202.)  Finally in October of 2008, Mr. Dale noted that Plaintiff's back was "tender along spine" but offered no indication of possible work-related limitations and recommended that Plaintiff exercise. (Tr. at 205.)

Finally, the record supports the ALJ's determination that Plaintiff's CHF is non-severe.  Plaintiff claims that CHF limits her ability to walk or sit because it causes her legs to become so swollen she must keep them elevated for several hours a day. (Tr. at 26-27.)  After reviewing the record and considering testimony at the hearing, the ALJ found that "claimant's allegation of swelling legs and the need to elevate them is non-severe, because there are no medical records in support of this." (Tr. at 13.)  Dr. Livingston's Disability Determination Examination supports the ALJ's finding that "[Ms. Zinnerman's] congestive heart failure is controlled with medication." (Tr. at 14, 170.)  Furthermore, there is no indication beyond claimant's testimony that either Dr. Livingston or Mr. Dale ever suggest Plaintiff must elevate her legs.  When asked if doctors had advised her how

to care for her swollen legs, Ms. Zinnerman testified, "[w]ell, they tell me to walk." (Tr. at 26.)  The overall medical record, coupled with the ALJ's clear consideration and evaluation of Plaintiff's CHF symptoms, reveal substantial evidence in support of the ALJ's conclusion.

The ALJ recognized that "[Ms. Zinnerman] testified she was disabled due to fatigue, chronic severe pain, vision problems and swelling legs," but determined that "[n]one of these conditions are evident from a reading of the medical records." (Tr. at 15.)  Review of the entire record yields substantial evidence in support of this conclusion and the ALJ's treatment of each impairment.

B.    Impairments Considered in Combination.

Ms. Zinnerman further contends that although the ALJ found that she has severe impairments consisting of type II diabetes mellitus and hypertension, he failed to adequately address these in combination with her other impairments.  (Doc. 8 at 9.) In particular, Plaintiff argues that the ALJ failed to consider her diabetes and hypertension in combination with her CHF, arthritis, Bell's Palsy, depression, and obesity. (*Id.* at 9-10.)

Social Security regulations require the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined effect of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523; *see also Swindel v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).  When there is a combination of impairments, the claimant may be found disabled even though none of the individual impairments, including pain, is disabling.  *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

The Eleventh Circuit has held that sufficient evidence of proper consideration of the claimant's combined impairments exists where an ALJ states that:

> [B]ased upon a thorough consideration of all evidence, the ALJ concludes the appellant is not suffering from any impairment, or combination of impairments of sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least twelve continuous months.

*Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1987). *See also Jones v. Department of Health and Human Serv's*, 941 F.2d 1529, 1553 (11th Cir. 1991) (holding that ALJ's statement that though claimant "'has severe residuals of an injury' he does not have 'an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4'" to be sufficient evidence of combined impairment consideration).

In this case, the ALJ expressly stated that "[t]he combined effect and combination of [Plaintiff's] impairments do not significantly limit her ability to perform basic work-related activities." (Tr. at 13.)   He went on to conclude that Ms. Zinnerman "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.*)   Additionally, the ALJ assessed Ms. Zinnerman's RFC "[a]fter careful consideration of the entire record [and] all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (*Id.* at 13-14.)  Given the wide deference afforded the

ALJ, this language alone is sufficient to illustrate that the ALJ properly considered the combination of all impairments and his decision is supported by substantial evidence.

C.      ALJ Rejection of Physician Assistant Opinion Evidence.

In April of 2008, Physician Assistant Benjamin Dale conducted a physical capacities evaluation in which he determined that Ms. Zinnerman would be incapable of sedentary work. (Tr. at 141.)  Specifically, Mr. Dale determined that Plaintiff could only lift and/or carry five pounds or less, she could sit only two hours in an 8-hour workday, stand only two hours in an 8-hour workday, and she could never push, pull, climb, balance, or stoop. (*Id*.) The ALJ rejected this evidence and Plaintiff alleges two errors as a result.

First, Plaintiff contends that the ALJ erred in rejecting the evaluation from Physician Assistant Dale by not affording him the deference due to a "treating source." (Doc. 8 at 12-13; Tr. at 141.)  Plaintiff is correct to point out that the ALJ may not use his own conclusions from the medical record as a basis for rejecting the opinion of a "treating source."  (Doc. 8 at 13) (*citing Hillsman v. Bowen*, 804 F.2d 1179, 1182 (11th Cir. 1992)).  However,

as a physician assistant, Mr. Dale lacks the qualifications to be considered a "treating source."  A treating source must be an "acceptable medical source" as defined by the Code of Federal Regulations. 20 C.F.R. §§ 404.1502, 404.902.  Physician's assistants are not listed as an "acceptable medical source"; rather, they fall under the "other sources" listing. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). Therefore, Mr. Dale's RFC evaluation does not warrant the often controlling weight afforded to an accepted treating source opinion. 20 C.F.R. § 404.1527(d)(2).

Even if Mr. Dale was considered a treating source, opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d).  The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440.  Such statements by a physician are relevant to the ALJ's

findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.,* 20 C.F.R. § 404.1546(c).

Second, Plaintiff contends that the ALJ failed to provide adequate reasoning for his dismissal of Mr. Dale's physical capacities evaluation.  An ALJ's rejection of non-treating source opinion will be supported by substantial evidence when (1) the opinion's source is not considered an "acceptable source" capable of establishing the existence of an impairment, and (2) the opinion is inconsistent with other treatment notes. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1160 (11th Cir. 2004) (citing 20 C.F.R. §§ 404.1513(a), 416.913(a)).

In the instant case, Mr. Dale does not qualify as an "acceptable source" and the ALJ points to various inconsistencies between Mr. Dale's physical capacities evaluation and his treatment record.[2]  Despite finding Plaintiff's physical capacity to be severely limited in April of 2008, two days

---

[2] In a handwritten note Mr. Dale suggests Ms. Zinnerman "needs 3 meals daily, not just one" and that she take "insulin" with those meals. (Tr. at 205.)  The ALJ misinterpreted this note as stating that Ms. Zinnerman should "*walk* three times a day, not just one time a day" and thus found it to be inconsistent with the RFC evaluation. (Tr. at 15.)  While this point may not be valid, the ALJ's overall conclusion of inconsistency is an accurate finding and therefore any error caused by this misinterpretation is harmless.

later, Mr. Dale noted that Ms. Zinnerman's back and neck were normal.  (Tr. at 141, 202.)   In October of 2008, Mr. Dale also found that Plaintiff's extremities were "normal"; this would not be expected for a person with debilitating swelling in her legs. (Tr. at 205.)

Furthermore, Dr. Livingston's Consultative Examination Report, made six months after Plaintiff's alleged date of disability, contrasts Mr. Dale's physical capacities findings. (Tr. at 168.)  According to Dr. Livingston, Ms. Zinnerman was in no acute distress and had full range of motion with nearly full, symmetrical strength in her upper extremities. (Tr. at 169.)   Ms. Zinnerman's back was non-tender and straight, and she had full strength in her lower extremities. (Tr. at 169-70.)  Though Plaintiff fought lifting her legs and refused to attempt to squat, she had a normal gait and could heel to toe walk, stand on her toes and heels, and bend forward to touch her knees. (Tr. at 170.)

After considering the entire evaluation, the ALJ concluded that "the objective medical evidence of record does not support the physician's assistant residual functional capacity assessment." (Tr. at 13.)  After review

of the entire record, this Court finds the ALJ's dismissal of Mr. Dale's physical capacities evaluation to be supported by substantial evidence.

IV.    Conclusion.

Upon review of the administrative record, and considering all of Ms. Zinnerman's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with applicable law.   A separate order will be entered.

Done this 17th day of August 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE